# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ACCESS FOR THE DISABLED, INC.,**
**and SHEILA TRITT,**

              **Plaintiffs,**

**-vs-**                             **Case No. 6:07-cv-954-Orl-22DAB**

**192 FLEA MARKET OUTLET, INC.,**

              **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR ENTRY OF JUDGMENT AFTER DEFAULT (Doc. No. 22)**
>
> **FILED:**      **March 18, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

      The case presents in a peculiar posture. Plaintiffs, a disabled individual and a disability advocate association, sued Defendant, an alleged "owner, lessee, lessor and/or operator" of certain real property ("the Facility") for injunctive relief under the Americans with Disabilities Act (Doc. No. 1). Defendant eventually filed an answer through a non-lawyer (Doc. No. 9), and the Court struck the filing, on Plaintiffs' motion, directing Defendant to respond through an attorney (Doc. Nos. 10-11). Defendant failed to timely file a response to the Complaint, and the Clerk entered a default

against it, on January 3, 2008 (Doc. Nos. 15, 16). On January 17, 2008, however, a notice of appearance was filed by defense counsel (Doc. No. 18). No other activity occurred in this file until the District Judge issued an Order to Show Cause why the case should not be dismissed for lack of prosecution (Doc. No. 21). On the date the response was due, Plaintiff filed the instant motion. Defendant filed a response (Doc. No. 24), indicating that all of the barriers set forth in the Complaint have since been remediated. For the reasons set forth herein, it is **respectfully recommended** that the motion be **denied, without prejudice.**

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

Here, the Complaint seeks injunctive relief and attorney's fees, not damages. However, the pleading is unverified and counsel provides no sworn affidavit or other evidence sufficient to provide a legal basis for entry of an injunction, especially in view of Defendant's representations in its response. While the Court is willing to conclude that, due to the default, as of the date of filing the Complaint, certain barriers existed and the Facility was not in compliance with the ADA and implemented regulations, there is no *evidence* that the non-compliance persists, and that the requested injunction is necessary to secure such compliance. Indeed, the Defendant has represented otherwise.

It appears on this record that, but for the issue of attorney's fees and costs, the issue is moot. As for attorney's fees and costs, the motion is silent, and asks only that the Court reserve jurisdiction to award same after entry of judgment.[1]

Absent any evidentiary basis, the Court cannot find that entry of the proposed judgment is appropriate. It is **respectfully recommended** that the motion be **denied, without prejudice** to renewal, if necessary, upon a more substantial showing. The parties may wish to meet and confer as to a possible stipulated form of final judgment.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 2, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] In view of the Defendant's response, it appears likely that counsel can confer and reach a stipulation with respect to an appropriate award of attorney's fees and costs.